**J. E. LYON, Plaintiff,**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, and Brotherhood of Maintenance of Way Employees, an unincorporated association, Defendants.**

**Civ. A. No. 4407.**

United States District Court
W. D. South Carolina,
Greenwood Division.

July 21, 1965.

---

See also 224 F.Supp. 1014.

———◆———

J. Fred Buzhardt, Buzhardt & Baggett, McCormick, S. C., for plaintiff.

Howard L. Burns, Grier, McDonald, Burns & Bradford, Greenwood, S. C., for defendant Atlantic Coast Line Railroad Co.

Milton Kramer, Schoene & Kramer, Washington, D. C., Frank E. Harrison, McCormick, S. C., for defendant Brotherhood of Maintenance of Way Employees.

WYCHE, District Judge.

The above case is before me upon motion for summary judgment by the defendants upon the grounds that the summons and complaint, the answer, the unanswered Request for Admissions show that there is no genuine issue of any material fact and that the defendants are entitled to judgment as a matter of law; that the plaintiff was served with a Request for Admissions on April 1, 1964; that the plaintiff has not answered said Request for Admissions and therefore the statements set forth therein are deemed admitted for the purposes of this case; plaintiff admits that his claim which is the subject of this action, was submitted to the National Railroad Adjustment Board, Third Division, that he participated in said proceeding and that said Board in Award No. 11257 (Docket No. MS 10925) denied his claim; and upon the further ground that any judicially enforceable cause of action arising from the acts of the defendants in processing plaintiff's claim, including any alleged collusion or conspiracy, and arising from the refusal of the defendants to misplace another employee on behalf of the plaintiff is now barred by the assertion and presentation of the same to and the adjudication and determination of the validity of such acts, processing and refusal to misplace, by the National Railroad Adjustment Board under the terms and conditions of the applicable collective bargaining agreement, and pursuant to and in comformance with the Railway Labor Act, and that the pleadings and affidavits show that the defendants are entitled to judgment as a matter of law.

The plaintiff filed a claim with the Third Division of the National Railroad Adjustment Board alleging that the union and the carrier, the defendants herein, had acted in collusion to prevent him from being assigned to operate a certain machine known as an "Orton Crane", to which assignment he was entitled pursuant to a collective bargaining agreement between the defendants. He requested the Adjustment Board to di-

1021

rect that he be paid for lost wages and be assigned to operate the machine.

On March 28, 1963, following consideration of the merits of the claim, the Adjustment Board issued Award No. 11257, in the proceeding identified as Docket No. MS 10925, finding that the petitioner had erroneously construed the agreement between the union and the carrier and that under the agreement the petitioner was not entitled to the relief sought, and denying the claim.

Thereafter, on August 15, 1963, the plaintiff commenced the instant action in the Court of Common Pleas, McCormick County, South Carolina. On September 3, 1963, the action was removed to this Court, and on January 3, 1964, a motion to remand was denied. In his complaint plaintiff repeated the allegations previously made before the Adjustment Board and requested the same relief sought from the Adjustment Board and which the Adjustment Board had denied.

■ The plaintiff is seeking in this action a de novo determination by this Court of the precise matter which was considered and determined by the Adjustment Board. Having gone to, and lost before the National Railroad Adjustment Board, plaintiff is precluded from resort to the courts.

In Union Pacific R. Co. v. Price, 360 U.S. 601, 79 S.Ct. 1351, 3 L.Ed.2d 1460 (1959), the Supreme Court determined the issue presented here. There, a railroad employee sued in the District Court to recover from the railroad damages resulting from a discharge allegedly in violation of a collective bargaining agreement between the union and the defendant carrier. The validity of the discharge had previously been unsuccessfully challenged on the same grounds in a proceeding before the Adjustment Board. The District Court granted the defendant's motion for summary judgment, the Court of Appeals reversed, and the Supreme Court reversed the Court of Appeals and remanded with a direction to that Court to affirm the judgment of the District Court. In so holding, the Supreme Court relied both upon the express terms of the statute and the legislative history underlying the enactment providing for the establishment of the Adjustment Board.

Section 3 First (m) of the Railway Labor Act (48 Stat. 1191–1192, 45 U.S.C.A. § 153 First (m)) provides: "The awards of the several divisions of the Adjustment Board shall be stated in writing. A copy of the awards shall be furnished to the respective parties to the controversy, *and the awards shall be final and binding upon both parties to the dispute,* except insofar as they shall contain a money award. In case a dispute arises involving an interpretation of the award, the division of the Board upon request of either party shall interpret the award in the light of the dispute." (Emphasis added)

The statute on its face states that the Board's disposition of a dispute shall be "final and binding" with no provision that such determination is subject to subsequent court attack by the losing party, as the plaintiff in this case is seeking to do.

■ The history surrounding the enactment of legislation creating the Adjustment Board shows that Congress intended to make Adjustment Board determinations final and binding. In hearings before the House and Senate Committees considering the legislation to create the Adjustment Board, it was made clear by witnesses testifying in favor of the legislation that one of the strongest points in support of the creation of the Adjustment Board was that its decisions would be final and binding. See discussion in Union Pacific R. Co. v. Price, supra, pages 609–614, 79 S.Ct. pages 1355–1358.

The Supreme Court's conclusion in Union Pacific R. Co. v. Price, supra, is applicable in the present case: "To say that the discharged employee may litigate the validity of his discharge in a common-law action for damages after failing to sustain his grievance before

the Board is to say that Congress planned that the Board should function only to render advisory opinions, and intended the Act's entire scheme for the settlement of grievances to be regarded 'as wholly conciliatory in character, involving no element of legal effectiveness, with the consequence that the parties are entirely free to accept or ignore the Board's decision. * * * (a contention) inconsistent with the Act's terms, purposes and legislative history.' Elgin, J. & E. R. Co. v. Burley, 325 U.S. 711, 720–721 [65 S.Ct. 1282, 1288, 89 L.Ed. 1886]." (At page 617, 79 S.Ct. at page 1360.)

In Brotherhood of Locomotive Engrs. v. Louisville & N. R. Co., 373 U.S. 33, 38, 83 S.Ct. 1059, 1062, 10 L.Ed.2d 172 (1963), the Supreme Court said: "The several decisions of this Court interpreting § 3 First have made it clear that this statutory grievance procedure is a mandatory, exclusive, and comprehensive system for resolving grievance disputes. * * * A corollary of this view has been the principle that the process of decision through the Adjustment Board cannot be challenged collaterally by methods of review not provided for in the statute. In Union Pacific R. Co. v. Price, 360 U.S. 601 [79 S.Ct. 1351, 3 L.Ed.2d 1460], the Court held that an employee could not resort to a common law action for wrongful discharge after the same claim had been rejected on the merits in a proceeding before the Adjustment Board. The decision in that case was based upon the conclusion that, when invoked, the remedies provided for in § 3 First were intended by Congress to be the complete and final means for settling minor disputes. 360 U.S., at 616–617 [79 S.Ct., at 1359]."

There can be no doubt that the present dispute is one that has been classified as a "minor" dispute by the Supreme Court, since it involves a dispute over the proper interpretation of an existing Collective Bargaining Agreement; the dispute, therefore, was properly one within the exclusive jurisdiction of the National Railroad Adjustment Board. The same position involving the same facts based upon the same arguments was asserted by plaintiff's same independent counsel before the National Railroad Adjustment Board which found against his present position and such adjudication is final.

For the foregoing reasons, it is my opinion, that the motions of the defendants for summary judgment in the above case should be granted.

It is, therefore, ordered, That the motion of the defendant Atlantic Coast Line Railroad Company for summary judgment in the above case be and the same is hereby granted.

It is further ordered, That the motion of the defendant Brotherhood of Maintenance of Way Employees for summary judgment in the above case be and the same is hereby granted.